IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                           Criminal Action No. 3:12-cr-00106

JASON WALKER,
         Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the defendant's appeal from the Magistrate Judge's decision, pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B). Jason Walker was convicted of reckless driving, a crime that has been adopted from Virginia law for driving infractions occurring on federal lands. He appeals his conviction, arguing that (1) evidence was improperly admitted for failure to provide notice and an opportunity for inspection by the defense, (2) the evidence was insufficient to sustain his conviction, and (3) the Magistrate Judge abused his discretion in not reducing his crime of conviction to the lesser offense of improper driving. Since the evidence was sufficient to sustain a conviction, the Magistrate Judge did not abuse his discretion in admitting any evidence, and the Magistrate Judge was well within his discretion in not reducing the charge, this Court affirms the judgment.

### I. STATEMENT OF FACTS

The defendant, Jason Walker, was stopped by Fort Lee Police Officer Elvis Lee Frye on March 7, 2012. At the time, Walker was traveling eastbound on Route 36, within the confines of Fort Lee. Officer Frye's radar indicated that Walker was traveling at 69 MPH in a 45 MPH-zone. Additionally, Officer Frye estimated Walker's speed to be "about 70" MPH based on his

visual observation. Upon receiving a citation, Walker refused to sign and, according to Officer Frye, was "very, very obnoxious". (Trial Tr. 20:4.)

Walker was charged with reckless driving in violation of 18 U.S.C. § 13,[1] which incorporates Va. Code § 46.2-862.[2] The case was tried before the Honorable David J. Novak, U.S. Magistrate Judge. At trial, the Government established the accuracy of Officer Frye's radar device through the officer's own testimony. He said that he had tested the device the same morning with two tuning forks calibrated to 55 MPH and 65 MPH, respectively. (Id. 8:15-21.) The prosecution then moved to introduce calibration certificates for the tuning forks, which establish the radar device's accuracy in speed detection.[3] The defendant objected to the certificates' admission on the grounds that they were hearsay. Although the certificates, as regularly maintained business records, fall under an exception to the hearsay rule,[4] the government did not give the defendant prior notice and an opportunity for inspection, which is

---

[1] "Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13(a).

[2] "A person shall be guilty of reckless driving who drives a motor vehicle on the highways in the Commonwealth (i) at a speed of twenty miles per hour or more in excess of the applicable maximum speed limit. . . ." Va. Code § 46.2-862.

[3] The tuning fork certificates offered by the Government were for calibration signals of *35* MPH and 65 MPH, not *55* MPH and 65 MPH, as the officer testified at trial. It is possible that the officer simply misspoke at trial. Regardless, what matters is that the radar device was tested for accuracy that day and that the tuning forks with which it was tested were also properly calibrated and accurate. There is no requirement that the radar device be tested with a specific set of tuning fork speeds.

[4] *See* Fed. R. Evid. 803(6).

required by Federal Rule of Evidence 902(11) for the admission of such records.[5] The Government had presented the certificates to defense counsel only 35 minutes before trial and did not give the defendant written notice that the certificates would be introduced.

In response to the objection, he Magistrate Judge offered to stop the proceedings in order to afford defense counsel time to review the certificates and raise a challenge to the evidence. (Id. 11:6-13.) He repeatedly asked defense counsel how much time was necessary and offered to recess until the following day. (Id. 11:9; 12:3-7; 12:14-16.) Defense counsel stated that she was "prepared to go forward" while nonetheless noting that the evidence should be excluded for lack of notice. The Magistrate Judge overruled the objection and admitted the certificates into evidence. (Id. 20:17-20.)

After the government rested, the defense called Walker to the stand. He testified that he knew the speed limit was 45 MPH and stated that "you would be a fool to speed there." (Id. 24:14-17.) When asked how fast he was traveling, however, Walker admitted to driving "[a]bout 55," which of course constituted speeding. (Id. 24:20.) At the conclusion of the evidence, the Magistrate Judge stated, "I believe the police officer. I don't believe the defendant. I find him guilty." (Id. 27:3-4.) The defendant then moved for the conviction to be reduced from "reckless driving" to "improper driving." The Magistrate Judge denied this motion, stating, "I already found him guilty of reckless driving. I am going to stick with that." (Id. 28:1-2.) He then granted the defendant a downward departure, thereby lowering his guideline range, and imposed a $225 fine and a $25 special assessment. After trial, the defendant filed a timely notice of appeal.

---

[5] "Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11).

3

## II. STANDARDS OF REVIEW

### A. Sufficiency of Evidence

When reviewing a claim that the evidence used to convict a defendant was insufficient, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also United States v. Newsome*, 322 F. 3d 328, 333 (4th Cir. 2003).

### B. Admissibility of Evidence Over Objection

The Magistrate Judge's admission of evidence over objection is reviewed for abuse of discretion. *See United States v. Wilson*, 624 F.3d 640, 649 (4th Cir. 2010). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (quoting *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007)).

### C. Admissibility of Evidence Without Objection

Admission of evidence without objection, such as Officer Frye's visual estimation of Walker's speed, is reviewed for plain error. *See* Fed. R. Evid. 103(e); *see also United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). Plain error occurs when (1) the lower court erred, (2) the error is plain, and (3) the error affected the outcome of the proceeding. *See, e.g., United States v. Perkins*, 470 F.3d 150, 155 n.7 (4th Cir. 2006).

### D. Reduction of Reckless Driving Charge to Improper Driving

Va. Code § 46.2–869, the improper driving statute, provides that "[n]otwithstanding the foregoing provisions of this article, upon the trial of any person charged with reckless driving where the degree of culpability is slight, the court in its discretion may find the accused not

guilty of reckless driving but guilty of improper driving." *Chibikom v. Commonwealth,* 680 S.E.2d 295, 296 (Va. App. 2009) (citing statute). It is therefore within the trial judge's "prerogative" to reduce a reckless driving charge. *Id.* at 297. Accordingly, this decision is reviewed for abuse of discretion.

### III. DISCUSSION

Walker contends that his conviction should be reversed because (1) the tuning fork certificates should have been excluded due to the Government's failure to give proper notice pursuant to Fed. R. Evid. 902(11), (2) radar evidence was inadmissible because the Government failed to prove the accuracy of the device both before and after it was used on this defendant, (3) Officer Frye's visual estimation of Walker's speed should not have been admitted, and (4) the Magistrate Judge erred in failing to reduce the reckless driving charge to improper driving. The evidentiary issues ((2)-(3)) speak to whether the evidence was sufficient to convict the defendant.

#### A. Admission of Tuning Fork Certificates

The Government introduced certificates showing that the tuning forks that Officer Frye used to test his radar had been calibrated and were accurate (Dk. No. 13, Ex. 1–2.).[6] In order to admit this evidence, however, Rule 902(11) required the Government to "give an adverse party reasonable written notice of the intent to offer the record — and must make the record and

---

[6] Virginia law provides that an officer's radar determination of a motor vehicle's speed "shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceeding where the speed of the motor vehicle is at issue." Va. Code § 46.2-882. The same statute furthermore provides:

> In any court or legal proceeding in which any question arises about the calibration or accuracy of any laser speed determination device, radar, or microcomputer device . . ., a certificate, or a true copy thereof, showing the calibration or accuracy of . . . any tuning fork employed in calibrating or testing the radar or other speed determination device . . ., and when and by whom the calibration was made, shall be admissible as evidence of the facts therein stated. No calibration or testing of such device shall be valid for longer than six months.

5

certification available for inspection — so that the party has a fair opportunity to challenge them." In light of the certificates' disclosure only 35 minutes before trial (Trial Tr. 11:2-5), the defendant argues that the opportunity for inspection was insufficient and that the notice requirement was never satisfied at all. This Court holds, however, that the Magistrate Judge did not abuse his discretion in admitting the certificates into evidence since the defendant willingly gave up an opportunity to delay further proceedings.

The trial record plainly shows the Magistrate Judge's repeated attempts to give the defendant additional time to review the certificates and raise an evidentiary challenge. Defense counsel persistently refused to say how much time was necessary before ultimately saying that the defendant would move forward with the case. The defendant now argues, however, that "[a] defendant and his counsel must be able to assess potential trial risks in reliance on prosecutors following the law, including the unambiguous written notice mandate of an important rule of evidence." (Def. Brief Supp. Appeal 7.) This is precisely the reason that the defendant should have taken advantage of the continuance that the Magistrate Judge offered. Had the proceedings been stopped at that time, the defendant and defense counsel could have examined the certificates and determined the best strategy going forward. Instead, they opted to forge ahead.

Rule 902(11) itself says that the purpose of the notice requirement is to ensure the opposing party "has a fair opportunity to challenge" the evidence. The 2000 Committee Notes to Rule 902 clarify further: "The notice requirement in Rules 902(11) and (12) is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration." Fed. R. Evid. 902, Cmt. Note on 2000 Amend. The defendant does not even attempt to argue that, with additional time, he would have remained unable to "test" the veracity of the evidence. Likewise, he does not argue that the certificates provide insufficient proof of the

6

tuning forks' accuracy. Instead, he argues only that he should have been given prior notice, as if this "mandate" somehow existed in complete isolation.

The Court's ruling does not constitute an "exception to the notice requirement for cause shown—good or otherwise." *United States v. Weiland*, 420 F.3d 1062, 1072 n.7 (9th Cir. 2005). Rather, the Magistrate Judge provided a specific way for the parties to comply with the rule, and the defendant willingly rejected it. Because the defendant declined a continuance, he cannot now complain that the Government's evidence was inadmissible. Given the defendant's choice and the fact that the reliability of the evidence, even now, is not in question, the in the Magistrate Judge's admission of the evidence over the defendant's objection was not an abuse of discretion. *Wilson*, 624 F.3d at 649.

### B. Sufficiency of the Evidence

#### i. Testing of Radar Device

Walker first argues that the evidence was insufficient to sustain his conviction because the government should not have been permitted to introduce evidence of speeding through the use of radar. The Government introduced evidence that Officer Frye tested his radar with tuning forks before the traffic stop but not afterward, and the defendant claims that both tests are required by Virginia law for the admission of radar evidence. The defendant therefore argues that the radar's accuracy was not established and that the evidence was inadmissible. The defendant did raise this argument at trial (Trial Tr. 26:20-22), so this Court reviews the admission of the evidence for abuse of discretion. The Court finds that the Magistrate Judge committed no abuse of any kind.

The defendant relies on two Virginia Supreme Court cases stating that the Government must introduce evidence of radar testing both *before* and *after* a traffic stop.[7] *See Biesser v. Town of Holland*, 156 S.E.2d 792, 794 (Va. 1967) ("Our court has recognized . . . the necessity to carry out tests for accuracy on radar machines before and after they are used. . .") (quoting *Crosby*); *Crosby v. Commonwealth*, 130 S.E.2d 467, 468 (Va. 1963) (stating same). Though this language might appear ironclad, this Court has not found a single case before or since *Crosby* in which a radar reading was deemed defective for failure to provide proof of testing both before and after a traffic stop. Indeed, even when the Supreme Court of Virginia made this statement a half-century ago, it did not cite a single decision in which a court had made such a holding. *See Crosby*, 130 S.E.2d at 468. Instead of addressing the double testing requirement, the Supreme Court, in both *Crosby* and *Biesser*, focused solely on "the question of whether the radar had been properly tested for accuracy." *Biesser*, 156 S.E.2d at 794. Apparently, not a single case has ever hinged on this "requirement," nor has the requirement been cited outside these two cases from almost fifty years ago. Consequently, this Court has serious doubts as to whether Virginia ever intended to erect such a barrier to the use of radar devices.

More importantly, Virginia's since revised statute on reckless driving is clear about what it takes to admit radar evidence when a driver's speed is at issue. The radar evidence can be used to establish a prima facie case of speeding provided that "a certificate, or a true copy thereof, showing the calibration or accuracy of . . . any tuning fork employed in calibrating or testing the radar" is offered. Va. Code § 46.2-882; *see also Gray v. Commonwealth*, 446 S.E.2d 480, 483 (Supreme Court of Virginia precedent "clearly stands for the proposition that testing a radar device by tuning forks alone is sufficient to prove the accuracy of the equipment, a position

---

[7] Because 18 U.S.C. § 13 incorporates Virginia law, state court decisions construing the reckless driving statute are binding on this Court.

8

widely adopted by other jurisdictions.").[8] Though "[n]o calibration or testing of such device shall be valid for longer than six months," § 46.2-882, in this case, the certificates were less than six months' old at the time of the traffic stop and citation. (*See* Dk. No. 13, Ex. 1–2.) Neither this Court nor the Magistrate Judge has been presented with any reason to question the authenticity of the certificates or the accuracy of the radar device. As a result, the driver's speed, as determined by radar, was properly admitted into evidence. The Court again finds no abuse of discretion because the Magistrate Judge did not "act[ ] arbitrarily or irrationally, fail[ ] to consider recognized factors constraining its exercise of discretion, rel[y] on erroneous factual or legal premises, or commit[ ] an error of law." *Wilson*, 624 F.3d at 649.

### ii.  *Admission of Officer Frye's Visual Estimation*

Officer Frye testified that he estimated Walker was traveling at "a high rate of speed," approximately "70 miles an hour." (Tr. Trans. 13:18-19.) The defendant argues this evidence constitutes "lay testimony," under Federal Rule of Evidence 701, and should not have been admitted because there was no way for Officer Frye to judge Walker's speed. The defendant points to the fact that Officer Frye neither tracked the speed of Walker's car against his own nor compared Walker's speed to that of any other vehicles. Since there was no basis or foundation for Walker's judgment, his testimony should have been disallowed.

---

[8] In *Gray*, the Court acknowledged that the Virginia legislature had revised § 46.2-882 such that testing by tuning forks alone was sufficient to convict, thus overruling the Virginia Court of Appeals' decision in *Myatt v. Commonwealth*, 397 S.E.2d 275 (Va. App. 1990) (holding that the calibration of the radar unit by tuning forks alone was insufficient to support the conviction). Courts have subsequently rejected radar evidence in the absence of tuning fork certificates or because of otherwise defective certificates. *See United States v. Pina*, 2009 WL 2959798, at *4–5 (E.D. Va. Sept. 15, 2009); *United States v. Wornom*, 754 F. Supp. 517, 520 (W.D. Va. 1991); *Untiedt v. Commonwealth*, 447 S.E.2d 537, 539 (Va. App. 1994). They have not, however, rejected radar evidence in cases where the statutory requirements were satisfied. *See, e.g., Gray*, 446 S.E.2d at 483.

Officer Frye testified, however, that his estimation of Walker's speed was based on his "training and experience" (Id. 13:16), for he had over two-and-a-half years of experience as a Fort Lee Police Officer. (Id. 4:11.) More importantly, the defendant did not even attempt to question the officer's basis of knowledge during the trial. Given Officer Frye's significant patrol experience, it was quite reasonable to judge him capable of rendering an opinion about another vehicle's speed and crediting his testimony accordingly. The defendant now argues that the officer's conclusion was "perfunctory," but to the extent that this is true, it was due primarily to the fact that defendant himself chose not to make an issue of it. The Magistrate Judge thus did not commit any error in admitting the testimony. Moreover, even if the officer's testimonial foundation was inadequately laid, the error was harmless due to the fact that the radar evidence established a prima facie case that was never rebutted. See Fed. R. Crim. P. 52(a).

*****

The final point worth mentioning with respect to sufficiency of the evidence is that the defendant's only rebuttal evidence was his own testimony, and this evidence was reasonably discounted at trial due to the defendant's self-contradiction on the witness stand. (Tr. Trans. 24–16 – 25–15.) Specifically, the defendant said that one would have to be a fool to speed in the vicinity of Fort Lee and then admitted precisely to doing that. Thus, the Magistrate Judge's decision to credit the police officer's testimony and not the defendant's was entirely justifiable. In the end, the totality of the evidence, considered in the light most favorable to the government, was sufficient for a reasonable fact-finder to conclude beyond a reasonable doubt that Walker was driving recklessly. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Newsome, 322 F. 3d 328, 333 (4th Cir. 2003). No evidence was admitted in error, and the judgment shall therefore stand.

### C. Reduction of Reckless Driving to Improper Driving

Lastly, the defendant argues that the Magistrate Judge abused his discretion in not reducing the reckless driving charge to improper driving. "[W]here the degree of culpability is slight, the court in its discretion may find the accused not guilty of reckless driving but guilty of improper driving." *Chibikom v. Commonwealth*, 680 S.E.2d 295, 296 (Va. App. 2009) (citing Va. Code § 46.2-869). The defendant has not articulated why his degree of culpability was slight. Furthermore, the basis for the Magistrate Judge's decision was entirely plain from the record, for the Government successfully established a prima facie case and the defendant did nothing to rebut it, other than offer his own self-defeating testimony. The Magistrate Judge was well within his discretion to make that decision without having to elaborate on why he considered the more serious charge appropriate.

### IV. CONCLUSION

For the reasons set forth above, the Court affirms the judgment of the Magistrate Judge in all respects.

The Court shall enter an appropriate order.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Date: August 6, 2012
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge